TM:MKC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X



UNITED STATES OF AMERICA

       - against -

SEAN PRICE,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**C O M P L A I N T**

(T. 18 U.S.C. § 2423(a))

EASTERN DISTRICT OF NEW YORK, SS:

       MIGUEL COLLAZO, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

       In or about and between April 2017 and May 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SEAN PRICE did knowingly and intentionally transport a person who had not attained the age of 18 years, in interstate commerce, to wit: from Los Angeles, California to Jamaica, New York, with the intent that said individual engage in sexual activity for which SEAN PRICE could be charged with a criminal offense, to wit: Sexual Assault, in violation of New York Penal Law 130.25(2).

       (Title 18, United States Code, Section 2423(a))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") assigned to the Trafficking in Persons unit and have been involved in the investigation of numerous cases involving the trafficking and exploitation of children. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about May 11, 2017, special agents at HSI received information from law enforcement officials in Australia regarding a sixteen year old female ("Jane Doe"), who was believed to be in Jamaica, New York. Specifically, Australian law enforcement officers had learned that, on or about April 11, 2017, Jane Doe boarded a plane from Australia to Los Angeles, California. Her parents subsequently reported her missing. Information provided by a confidential source to Australian law enforcement revealed that electronic communications had occurred between Jane Doe and the defendant SEAN PRICE, a resident of Jamaica, New York, as early as December 2016.

3. Based on investigative leads provided by the Australian authorities, during the afternoon of May 11, 2017, members of the New York City Police Department responded to the defendant SEAN PRICE's home at 118-28 Long Street, Jamaica, New

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

York, in search of the missing minor female. An adult female, later determined to be the defendant's mother, answered the door. Initially, she denied that the defendant was home. An NYPD officer stationed at the rear of the home, however, observed an adult male and female attempting to leave the home through the rear of the house. That officer alerted his fellow officers by shouting. In response, the defendant and the minor re-entered the home, and the officers likewise entered the residence at 118-28 Long Street so as to locate the minor. The defendant and Jane Doe were found in the basement of the defendant's home. Defendant SEAN PRICE was then placed under arrest on New York state charges, including Rape in the Third Degree and related charges.

4. Western Union records, which were obtained pursuant to a subpoena, revealed that prior to her travel to the United States, the defendant SEAN PRICE, using address 118 28 Long Street, Jamaica, New York, sent Jane Doe nearly $1,500.00 in cash via Western Union.

5. Thereafter, the defendant SEAN PRICE was transported to a New York City Police station for processing. After being advised of his Miranda rights, he waived those rights and made a statement wherein he stated, in sum and substance and part, that he initiated communications with Jane Doe via Snapchat in or about October 2016. Defendant also acknowledged sending cash to Jane Doe via Western Union transfers prior to her travel into the United States.

6. Further, defendant stated that, on or about April 11, 2017, upon Jane Doe's arrival into the United States, he flew from Jamaica, New York, to Los Angeles, California to meet Jane Doe. Thereafter, defendant SEAN PRICE acknowledged that he drove Jane Doe from California to New York, making various stops along the way.

Defendant acknowledged being aware of Jane Doe's age over the course of their travel from California to New York and stated that he had engaged in sexual intercourse with Jane Doe in multiple states, including in New York State.

7. Defendant SEAN PRICE also provided consent for law enforcement officials to review his cellular telephone. Upon a review of the defendant's phone, law enforcement identified a number of explicit photos of Jane Doe dating back to February 2017.

WHEREFORE, your deponent respectfully requests that the defendant SEAN PRICE, be dealt with according to law.

*[signature]*
MIGUEL COLLAZO
Special Agent, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me this
__ day of May, 2017

_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK