UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEAN PRICE,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM & ORDER**
22-CV-996 (NGG)
17-CR-301 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 13, 2023, the court denied Petitioner Sean Price's petition for a writ of habeas corpus under 28 U.S.C. § 2255. (Apr. 13, 2023, Mem. & Order (Dkt. 165) (denying Pet. (Dkt. 154)).) On June 12, 2023, Petitioner filed a notice of appeal. (Not. of Appeal (Dkt. 166).) The court is therefore called upon to determine whether a certificate of appealability ("COA") shall issue. 28 U.S.C. §§ 2253(c)(1); *see also* Fed. R. App. P. 22(b); 2d Cir. Local R. 22.1(a).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, the COA must "indicate which specific issue or issues satisfy" that standard. *Id.* § 2253(c)(3). As the Supreme Court has emphasized:

> The COA inquiry . . . is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

1

Petitioner has failed to demonstrate how his counsel, James M. Branden, was ineffective during the plea-bargaining process where counsel (1) informed Price of the plea offer, the strengths and weaknesses of the case against him, and alternative sentences, and (2) engaged in multiple rounds of negotiations with the Government. (Apr. 13, 2023, Mem. & Order at 7; James M. Branden Decl., Ex. A. to Gov't Opp. ("Braden Decl.") (Dkt. 159-1) ¶¶ 17, 19-20, 22.) Moreover, the court determined that Price was not prejudiced by his counsel's assistance. (Apr. 13, 2023, Mem. & Order at 8.) Price argued that had he known rejecting the August 4, 2017 plea offer would have resulted in a longer sentence, there was a "reasonable probability" that he would have accepted the plea agreement. (*Id.*) As the court found, however, Price was adamant that he "would never plead guilty," even after the Government issued a Superseding Indictment exposing Price to the lengthier term of incarceration that he now claims prejudiced him.[1] (*Id.*; Branden Decl. ¶¶ 15, 20, 23.)

Consequently, the court finds that Price has not made a substantial showing of a denial of a constitutional right and therefore a certificate of appealability SHALL NOT ISSUE. 28 U.S.C. § 2253(c)(2).

---

[1] The court also noted that the additional counts charged in the Superseding Indictment did not extend his total term of incarceration further hindering his argument that his counsel's assistance prejudiced him under *Strickland v. Washington*, 466 U.S. 668 (1984). (*See* Apr. 13, 2023, Mem. & Order at 8 n.4.)

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   Brooklyn, New York
        November 17, 2023

                                            s/Nicholas G. Garaufis
                                            NICHOLAS G. GARAUFIS
                                            United States District Judge